IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JACK BUTLER, Trustee for the MARY BUTLER IRREVOCABLE TRUST,  §§§§ | | |
| Plaintiff, §§ | CIVIL ACTION NO. 4:23-CV-00942-SDJ-AGD | |
| v. §§ | | |
| PATRICK K. WOODS, et al., §§§ | | |
| Defendants. § | | |

**MEMORANDUM ADOPTING IN PART REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this Motion having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 3, 2024, the Report of the Magistrate Judge, (Dkt. #43), was entered containing proposed findings of fact and recommendation that Defendant Bench's Motion to Dismiss (Dkt. #9), Defendant Woods' Motion to Dismiss (Dkt. #14), Defendant Landrum's Motion to Dismiss (Dkt. #16), and Defendant Lane's Motion to Dismiss (Dkt. #23) each be granted based on Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. The Magistrate Judge further recommended that Plaintiff's Motions to Strike (Dkt. #12; Dkt. #20; Dkt. #25; Dkt. #26; Dkt. #27) be denied. The Magistrate Judge further recommended that Plaintiff's case be dismissed with prejudice.

In the Report, the Magistrate Judge recommended the dismissal of Plaintiff's claims against Defendants Woods, Landrum, and Lane for lack of subject-matter

jurisdiction pursuant to the Federal Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"), and Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Magistrate Judge also recommended the dismissal of Plaintiff's claims against Defendant Bench pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The Report finds that Plaintiff's claims are barred by the TIA, an argument that was not raised by Defendant Bench. Regardless, the TIA applies equally to all Defendants. Because it does, "it necessarily follows" that if the TIA divests the Court of subject matter jurisdiction over Plaintiff's claims against Woods, Landrum, and Lane, the TIA also divests the Court of subject matter jurisdiction over Plaintiff's claims against Defendant Bench. *See Akula v. Cassidy*, No. CV 23-1057, 2024 WL 1556534, at *3 (E.D. La. Apr. 10, 2024).

"A court may *sua sponte* dismiss on its own . . . motion . . . as long as the plaintiff has notice and an opportunity to respond." *Thomas v. State*, 294 F. Supp. 3d 576, 619 (N.D. Tex. 2018), *report and recommendation adopted*, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (remaining citation omitted). "Plaintiff receives notice and an opportunity to respond based on '[t]he fourteen-day time frame for filing objections to a recommended dismissal....'" *Id.* (citing *Fantroy v. First Fin. Bank. N.A.*, 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012) (citing *Ratcliff v. Coker*, No. 9:08cv127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008))).

On September 9, 2024, Plaintiff filed a Notice of Recusal of Magistrate Judge, which the Court construes as timely objections to the Report (Dkt. #44). Then, on September 13, 2024, Plaintiff filed a Response to Report and Recommendation, which the court construes as timely supplemental objections (Dkt. #46). The Court has conducted a de novo review of Plaintiff's objections (Dkt. #44; Dkt. #46) and the portions of the Report to which Plaintiff specifically objects. Having done so, the Court is of the opinion that the findings of the Magistrate Judge concerning Woods, Landrum, and Lane's Motions to Dismiss are correct and adopts the Magistrate Judge's Report with respect to these motions as the findings of the Court. With respect to Defendant Bench, the Court declines to adopt the Report. Rather, the Court *sua sponte* dismisses Plaintiff's claims against Defendant Bench for lack of subject-matter jurisdiction pursuant to the TIA and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In his objections, Plaintiff merely recited the claims raised in his complaint. Plaintiff did not address the application of the TIA. Because the Report provided Plaintiff with notice that his claims are barred by the TIA, and because Plaintiff did not object to the application of the TIA, the Court *sua sponte* dismisses Plaintiff's claims against Defendant Bench for lack of subject-matter jurisdiction pursuant to the TIA and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

It is therefore **ORDERED** that Defendant Woods' Motion to Dismiss (Dkt. #14), Defendant Landrum's Motion to Dismiss (Dkt. #16), and Defendant Lane's Motion to Dismiss (Dkt. #23) are **GRANTED** based on Federal Rule of Civil

Procedure 12(b)(1) for lack of subject-matter jurisdiction. It is further **ORDERED** that Plaintiff's claims against Defendant Bench are dismissed for lack of subject-matter jurisdiction pursuant to the TIA and the Court's *sua sponte* application of Rule 12(b)(1) of the Federal Rules of Civil Procedure.

It is further **ORDERED** that Plaintiff's Motions to Strike (Dkt. #12; Dkt. #20; Dkt. #25; Dkt. #26; Dkt. #27) are **DENIED**. It is further **ORDERED** that Plaintiff's case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that any request for relief not addressed by the Report (Dkt. #43) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 24th day of September, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE